UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARATHON PETROLEUM COMPANY LP,
a Delaware limited partnership,

        Plaintiff,                      Case No. 12-cv-15010

v                                            Honorable Thomas L. Ludington

KOC, INC., formerly known as KARBOWSKI
DISTRIBUTING, INC., a Michigan corporation; THE
BENJAMIN A. KARBOWSKI RESTATED TRUST;
JEFFREY KARBOWSKI, an individual; and THE
JOHN A KARBOWSKI TRUST, Jointly and Severally,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT BENJAMIN A. KARBOWSKI RESTATED TRUST'S MOTION TO COMPEL DISCOVERY**

Plaintiff Marathon Petroleum filed a complaint against Defendants asserting several claims for breach of contract, unjust enrichment, conversion, and fraud. Amended Compl., ECF No. 34. The complaint alleges that Plaintiff sold petroleum products to Karbowski Oil, which is owned and controlled by Defendants. In 1998, Plaintiff and Karbowski Oil entered into a Terminal Access Agreement that provided Karbowski Oil the right to withdraw petroleum products it purchased from Plaintiff. Compl. ¶ 23. This arrangement continued until 2012, when Karbowski Oil began suffering financial difficulties and did not pay its September invoices, which totaled $1,500,509.18. Compl. ¶ 34; Consent Judgment ¶1, ECF No. 32.

Defendants then sold Karbowski Oil's assets to Foster Blue Water Oil, LLC in late September. Compl. ¶ 60. Plaintiff claims that Defendants had agreed to use the funds from the asset sale to pay the indebtedness. Compl. ¶ 36. However, "none of the compensation the

Defendants received from Foster Blue Water . . . was returned to Karbowski Oil or was used to pay the money that was owed to Marathon." Compl. ¶ 64.

On September 18, 2013, Defendant Benjamin A. Karbowski Restated Trust filed a motion to compel production of "all correspondence or other documents between Plaintiff and Foster Blue Water Oil regarding the indebtedness at issue in this lawsuit." Def.'s Mot., Ex. A at ¶ 4. Defendant seeks these documents because they would presumably "reflect[] efforts by Marathon to reclaim this petroleum or the value of this petroleum from Foster" and is "directly relevant to the amount of Marathon's claim against" Defendant Benjamin A. Karbowski Restated Trust.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Although Plaintiff objects to the interrogatory, Defendant Benjamin Trust has articulated why it believes the documents exchanged between Marathon and Foster Blue Water are reasonably calculated to lead to the discovery of admissible evidence, and thus its motion to compel will be granted. As to any privileged documents, Plaintiff should furnish privilege logs as set forth in Federal Rule of Civil Procedure 26(b)(5).

- 3 -

Accordingly, it is **ORDERED** that Defendant Benjamin A. Karbowski Trust's motion to compel (ECF No. 36) is **GRANTED**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: September 23, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2013.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS

1:12-cv-15010-TLL-CEB   Doc # 39   Filed 09/23/13   Pg 3 of 3   Pg ID 486